IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Jacob Mosley, ) | Case No. 2:23-cv-02647-JDA |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Warden Janson, ) | |
| ) | |
| Respondent. ) | |

This matter is before the Court on a motion for summary judgment filed by Respondent. [Doc. 15.] In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., this matter was referred to United States Magistrate Judge Mary Gordon Baker for pre-trial proceedings.

On March 28, 2024, the Magistrate Judge issued a Report and Recommendation ("Report") recommending that Respondent's motion for summary judgment be granted. [Doc. 28.] The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. [*Id.* at 16.] Petitioner's objections to the Report were entered on the docket on April 22, 2024. [Doc. 30.]

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the Court may accept, reject, or modify

the Report, in whole or in part.  28 U.S.C. § 636(b)(1).  The Court will review the Report only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2015) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation" (internal quotation marks omitted)).

## **DISCUSSION**

The Magistrate Judge recommends granting Respondent's motion for summary judgment because he failed to exhaust his administrative remedies by not appealing the Disciplinary Hearing Officer ("DHO") report until more than two months after the time to do so had lapsed.  [Doc. 28 at 7–10.]  The Magistrate Judge further concluded that even if Petitioner had properly exhausted his administrative remedies, he has not shown that he is entitled to relief for his due process claims because (1) he received all the process due to him under *Wolff v. McDonnell*, 418 U.S. 539 (1974), and (2) there was "some" evidence to support the DHO's decision under *Superintendent, Massachusetts Correctional Institution v. Hill*, 472 U.S. 445 (1985).  [*Id*. at 10–15.]

In his objections, Petitioner generally restates his allegations and asserts that there is a factual dispute as to whether he exhausted his administrative remedies and was provided due process.  [Doc. 30.]  As to his exhaustion of remedies, Petitioner reiterates his prior position that his transfer to a new facility "made it impossible to meet [the DHO appeal] deadline[]" and that "[t]his transfer makes it ambiguous as to whether [he] was provided a meaningful opportunity to exhaust his administrative remedies."  [*Id*. at 9.]  For his due process claim, Petitioner restates his position that he was denied the opportunity

2

to call witnesses and present material evidence, arguing that "[t]his factual dispute is critical and dispositive" and "the ambiguity of whether [Petitioner] was provided due process must be held against the respondent." [*Id*.]

The Court concludes that Petitioner's objections, liberally construed, fail to address the Report's findings and recommendations.  As an initial matter, the Report addresses Petitioner's argument that his transfer to a new facility impeded his ability to comply with the deadline to file a DHO appeal, finding that the record reflects that Petitioner was transferred 19 days after receiving the DHO report,[1] and that Petitioner did not file his appeal of the DHO report until October 24, 2022, despite arriving at his new facility nearly two months earlier, on September 1, 2022.  [Doc. 28 at 9.]  The Magistrate Judge concluded:

> Petitioner provides no explanation as to why he did not file his appeal in the 19 days prior to his transfer, nor does he explain why he waited nearly two months to file after arriving at [the new facility]. Without more, the undersigned simply cannot conclude that Petitioner's claims regarding his transfer amount to "facts showing that he was prevented, through no fault of his own, from availing himself of [the BOP's administrative grievance] procedure." *Graham v. Gentry*, 413 Fed. App'x 660, 663 (4th Cir. 2011).

[*Id*. (citation omitted) (second alteration in original).]  Petitioner's objections provide no further explanation for his delay in filing the DHO appeal nor any further argument as to why this Court should excuse his failure to exhaust his administrative remedies.  [*See* Doc. 30.]  Therefore, summary judgment is proper because Petitioner failed to properly exhaust his administrative remedies.  *See McClung v. Shearin*, 90 F. App'x 444, 445 (4th

---

[1] Petitioner was required to file his DHO appeal with the regional office where he was located within 20 days of his receipt of the DHO report.  *See* 28 C.F.R. § 542.15(a).

3

Cir. 2004) (per curiam) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions.").

The Report further concludes that even if Petitioner had properly exhausted his administrative remedies, he is not entitled to relief under the Due Process Clause of the Fourteenth Amendment. [Doc. 28 at 10–15.] Petitioner's objections do not raise any arguments not already addressed in the Report, but instead merely restate that he was denied the opportunity to call witnesses and present material evidence at the DHO hearing. [Doc. 30 at 9.] This Court concludes that the Magistrate Judge properly analyzed Petitioner's due process claim, finding that Petitioner waived his right to have a staff representative at his hearing, to call witnesses, and to present documentary evidence. [Doc. 28 at 12; *see* Doc. 15-1 at 13.]

## **CONCLUSION**

Other than re-stating his previous positions, Plaintiff has failed to address any of the substantive findings in the Report. Nevertheless, out of an abundance of caution for a pro se party, the Court has conducted a de novo review of the Report, the record, and the applicable law. Upon such review, the Court accepts the Report and Recommendation of the Magistrate Judge and incorporates it by reference. Accordingly, Respondent's motion for summary judgment is GRANTED and this action is DISMISSED.

IT IS SO ORDERED.

s/ Jacquelyn D. Austin
United States District Judge

August 6, 2024
Charleston, South Carolina

4

## **CERTIFICATE OF APPEALABILITY**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rule 11(a) of the Rules Governing Section 2254 Cases; *see* Rule 1(b) of the Rules Governing Section 2254 Cases (stating that a district court may apply these rules to a habeas petition not filed pursuant to § 2254).  A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).   When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85.  In this case, the legal standard for the issuance of a certificate of appealability has not been met.